**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | |
|---|---|
| Sarah Conner, individually and on behalf of all others similarly situated, | 3:21-cv-01463 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Abbott Laboratories Inc., | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Abbott Laboratories Inc. ("Defendant") manufactures, labels, markets, and sells infant formula under the Similac brand identified as "Pro-Advance," and "Our Closest Formula to Breastmilk" ("Product").



2.     The relevant front label representations include "Immune Support," "Brain & Eye Development," "Lutein," "Vitamin E," "DHA," "2'-FL HMO – Human Milk Oligosaccharide †not from human milk," "Our Closest Formula to Breast Milk," and "NON-GMO*."

3.     Breast milk is the "gold standard" for infant feeding, as determined by the World Health Organization ("WHO") and government bodies within the United States.

4.     The WHO Code on marketing breast milk substitutes prohibits claims which idealizes infant formula.

5.     Breast milk contains myriad molecular and live tissue components such as secretory IgA, enzymes, lysozymes, hormones, macrophages and growth factors that are unique for each mother, which cannot be manufactured, and are not found in breast milk substitutes.

6.     Infant formula is critical for children whose mothers are unable to breastfeed or produce enough milk.

7.     Marketing of infant formula sometimes goes beyond meeting these limited needs, to tout itself as an equivalent to breast milk.

8.     The representations that the Product contains lutein, vitamin E, DHA, and HMO – Human Milk Oligosaccharide, and the claim, "Our Closest Formula to Breast Milk," imply the inclusion of these constituents can approach the benefits from breast milk.

9.     The representations of lutein, vitamin E, and DHA, coupled with HMO, and "Closest Formula to Breast Milk," imply that the inclusion of these components confers benefits like those conferred by breast milk, for contributing to brain and eye development and immune support.

10.    The representations of HMO coupled with "Immune Support" gives the impression that HMO helps strengthen the baby's immune system to be more like the breastfed infant's.

11.    Appropriate studies to substantiate such a claim should include a control group of

breastfed infants since the structure/function benefit is as compared to outcomes for breastfed infants.

12. The Product's comparisons to breast milk expressly and impliedly claim that it can confer the structure/function benefits of breast milk.

13. These claims are false, deceptive and misleading.

14. No competent and reliable scientific evidence, which would include studies with control groups of exclusively breastfed infants, compared to infants fed the Product, and show the similarities between breast milk and the Product, exists.

15. The result of the representations are that (1) purchasers are dissuaded from breastfeeding, even though it is the option for infant nutrition recommended by pediatricians and global health bodies, and (2) purchasers will wrongly believe that the Product is almost equivalent to breast milk, when this is not true.

16. The representation that the Product is "NON-GMO" is misleading because it is made from dairy ingredients from cows which have consumed genetically modified feed.

17. The Product's qualification – that it is made with ingredients that have not been genetically engineered – is a half-truth, and misleading.

18. The Product contains other representations which are misleading.

19. Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a product, relative to itself and other comparable products or alternatives.

20. By labeling the Product in this manner, Defendant gained an advantage against other companies, and against consumers seeking to purchase a product that was similar to breastmilk in its effect on immunity and brain and eye development.

21.     The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

22.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

23.     Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

24.     The Product is sold for a price premium compared to other similar products, no less than approximately $36.99 for 30.8 oz (873 g), a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

<u>Jurisdiction and Venue</u>

25.     Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

26.     The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

27.     Plaintiff Sarah Conner is a citizen of Illinois.

28.     Defendant Abbott Laboratories Inc., is a Delaware corporation with a principal place of business in Abbott Park, Lake County, Illinois.

29.     Plaintiff seeks to represent a class which includes citizens of Illinois, North Dakota, Rhode Island, Michigan, Virginia, Kansas, Wyoming, and Delaware.

30.     The class Plaintiff seeks to represent contains citizens of a state different from the state defendant is a citizen of.

31.     Defendant transacts business within this District through sale of the Product within this District, at grocery stores, drug stores, big box stores, membership stores, and online, sold

directly to residents of this District.

32.     Venue is in this District because plaintiff resides in this district and the actions giving rise to the claims occurred within this district.

33.     Venue is in the Benton Division Courthouse in this District because a substantial part of the events or omissions giving rise to the claim occurred in Perry County, i.e., Plaintiff's purchase of the Product and her awareness of the issues described here.

## Parties

34.     Plaintiff Sarah Conner is a citizen of Pinckneyville, Perry County, Illinois.

35.     Defendant Abbott Laboratories Inc., is a Delaware corporation with a principal place of business in Abbott Park, Illinois, Lake County.

36.     Defendant is one of the largest producers of infant formula products in the world.

37.     Defendant acknowledges the importance of the WHO Code but does not comply with the Code.

38.     As one of the oldest sellers of infant formula, under the Similac brand, consumers expect they can trust what they are told, directly and indirectly.

39.     Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, from stores including Walmart, 1410 N Market St, Sparta, IL 62286, between May and July 2021, among other times.

40.     Plaintiff bought the Product because she expected it was similar to breastmilk in its effect on immunity and brain and eye development because that is what the representations said and implied.

41.     Plaintiff relied on the words and images on the Product, on the labeling and/or claims made by Defendant in digital and/or social media.

42.    Plaintiff bought the Product at or exceeding the above-referenced price.

43.    Plaintiff would not have purchased the Product if she knew the representations were false and misleading or would have paid less for it.

44.    Plaintiff chose between Defendant's Product and similar products represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the statements and claims made by Defendant.

45.    The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

46.    Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its abilities and/or composition.

47.    Plaintiff is unable to rely on the labeling of not only this Product, but other infant formula products, because she is unsure of whether their representations are truthful.

48.    Plaintiff may have to purchase infant formula.

<u>Class Allegations</u>

49.    Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(2) and (b)(3) of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged.

> **Consumer Fraud Multi-State Class**: All persons in the States of North Dakota, Rhode Island, Michigan, Virginia, Kansas, Wyoming, and Delaware, who purchased the Product during the statutes of limitations for each cause of action alleged

50.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

51.     Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

52.     Plaintiff is an adequate representative because her interests do not conflict with other members.

53.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

54.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

55.     Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

56.     Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act</u>
<u>("ICFA"), 815 ILCS 505/1, et seq.</u>

<u>(Consumer Protection Statute)</u>

57.     Plaintiff incorporates by reference all preceding paragraphs.

58.     Plaintiff and class members desired to purchase a product that was similar to breastmilk in its effect on immunity and brain and eye development.

59.     Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

60.     Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

61.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

62.     Defendant misrepresented the Product through statements, omissions, ambiguities,

half-truths and/or actions.

63.    Plaintiff relied on the representations that the Product was similar to breastmilk in its effect on immunity and brain and eye development

64.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Violation of State Consumer Fraud Acts</u>

<u>(On Behalf of the Consumer Fraud Multi-State Class)</u>

65.    The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

66.    Defendant intended that plaintiff and each of the other members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

67.    As a result of defendant's use or employment of artifice, unfair or deceptive acts or business practices, plaintiff, and each of the other members of the Consumer Fraud Multi-State Class, have sustained damages in an amount to be proven at trial.

68.    In addition, defendant's conduct showed motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

<u>Breaches of Express Warranty,</u>
<u>Implied Warranty of Merchantability and</u>
<u>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

69.    The Product was manufactured, identified, and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it was similar to breastmilk in its effect on immunity and brain and eye development.

70.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

71.    This duty is based on Defendant's outsized role in the market for this type of Product, a preeminent brand in infant formula.

72.    Thus, the Product has a higher level of trust with consumers, more than other brands.

73.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers, and their employees.

74.    Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

75.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because it was not fit to pass in the trade as advertised.

76.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

77.    Defendant had a duty to truthfully represent the Product, which it breached.

78.    This duty is based on defendant's position, holding itself out as having special knowledge and experience in this area, as a leading seller of infant formula.

79.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a preeminent infant formula company.

80.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the

Product.

81.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

82.   Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it was similar to breastmilk in its effect on immunity and brain and eye development.

83.   Moreover, the records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provide it with actual and/or constructive knowledge of the falsity of the representations.

84.   Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

## Unjust Enrichment

85.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1.   Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2.   Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.   Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the

applicable laws;

4.  Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   November 21, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com