**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SARAH CONNER, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES INC.,<br><br>              Defendant. | Case No. 3:21-cv-01463<br><br>Hon. Judge Staci M. Yandle<br><br>JURY TRIAL DEMANDED |

## <u>DEFENDANT ABBOTT LABORATORIES INC.'S ANSWER AND DEFENSES</u>

Defendant Abbott Laboratories Inc. ("Defendant"), through undersigned counsel, answers the correspondingly numbered paragraphs of the Complaint of Plaintiff Sarah Conner as follows. All allegations not specifically admitted are denied.

## <u>ANSWER</u>

1. Abbott Laboratories Inc. ("Defendant") manufactures, labels, markets, and sells infant formula under the Similac brand identified as "Pro-Advance," and "Our Closest Formula to Breastmilk" ("Product").

**<u>ANSWER</u>:**

Defendant admits that it or one of its affiliates manufactures, labels, markets, and sells Similac Pro-Advance infant formula. During certain time periods, certain labels for Similac Pro-Advance stated, "Our Closest Formula to Breast Milk." Defendant denies any remaining allegations in this paragraph.

2. The relevant front label representations include "Immune Support," "Brain & Eye Development," "Lutein," "Vitamin E," "DHA," "2'-FL HMO - Human Milk Oligosaccharide †not from human milk," "Our Closest Formula to Breast Milk," and "NON-GMO*."

**ANSWER:**

Defendant admits that at various points in time, certain Similac Pro-Advance labels have stated "Immune Support," "Brain & Eye Development," "Lutein," "Vitamin E," "DHA," "2'-FL-HMO-Human Milk Oligosacchride †not from human milk," "Our Closest Formula to Breast Milk," and/or "non-GMO*," among other statements.   Defendant denies any remaining allegations in this paragraph.

3.      Breast milk is the "gold standard" for infant feeding, as determined by the World Health Organization ("WHO") and government bodies within the United States.

**ANSWER:**

Defendant admits that the World Health Organization's International Code on Marketing of Breast Milk Substitutes (the "WHO Code") states that the World Health Organization has "emphasized the importance of maintaining the practice of breast-feeding."   To the extent this paragraph is quoting from an unspecified World Health Organization document or a document from an unspecified "government bod[y] within the United States," Defendant further states that the documents speak for themselves.

4.      The WHO Code on marketing breast milk substitutes prohibits claims which idealizes infant formula.

**ANSWER:**

Defendant admits that the World Health Organization's International Code on Marketing of Breast Milk Substitutes (the "WHO Code") states at Article 9.1 that "[n]either the [breast milk substitute] container nor the label should have pictures of infants, nor should they have other pictures or text which may idealize the use of infant formula."   Defendant states that the WHO Code speaks for itself, and Defendant denies any of Plaintiff's explicit or implicit

characterizations regarding the WHO Code.  Defendant denies any remaining allegations in this paragraph.

5.      Breast milk contains myriad molecular and live tissue components such as secretory IgA, enzymes, lysozymes, hormones, macrophages and growth factors that are unique for each mother, which cannot be manufactured, and are not found in breast milk substitutes.

**ANSWER:**

Defendant admits that breast milk contains certain components that are unique for each mother and certain components that are not identical to those found in Similac Pro-Advance.  To the extent the allegations relate to other companies' breast milk substitutes, Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.  Defendant denies any remaining allegations in this paragraph.

6.      Infant formula is critical for children whose mothers are unable to breastfeed or produce enough milk.

**ANSWER:**

Defendant admits that for infants who cannot breastfeed or be fed breast milk as recommended, for medical reasons or otherwise, infant formula is an appropriate, safe alternative to meet babies' nutritional needs when used as directed.

7.      Marketing of infant formula sometimes goes beyond meeting these limited needs, to tout itself as an equivalent to breast milk.

**ANSWER:**

Defendant denies that the marketing of Similac Pro-Advance "tout[s] itself as an equivalent to breast milk."  To the extent the allegations relate to other companies' marketing,

3

Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.  Defendant denies any remaining allegations in this paragraph.


8.    The representations that the Product contains lutein, vitamin E, DHA, and HMO - Human Milk Oligosaccharide, and the claim, "Our Closest Formula to Breast Milk," imply the inclusion of these constituents can approach the benefits from breast milk.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant admits that at various points in time, certain Similac Pro-Advance labels have stated "Lutein," "Vitamin E," "DHA," "2'-FL-HMO-Human Milk Oligosacchride" and/or "Our Closest Formula to Breast Milk," among other statements. Defendant denies that it has marketed Similac Pro-Advance as a product equivalent to breastmilk. Defendant denies any remaining allegations in this paragraph.


9.    The representations of lutein, vitamin E, and DHA, coupled with HMO, and "Closest Formula to Breast Milk," imply that the inclusion of these components confers benefits like those conferred by breast milk, for contributing to brain and eye development and immune support.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response.  To the extent a response is required, Defendant admits that at various points in time, certain Similac Pro-Advance labels have stated "Immune Support," "Brain & Eye Development," "Lutein," "Vitamin E," "DHA," "2'-FL-HMO-Human Milk Oligosacchride" and/or "Our Closest Formula to Breast

Milk," among other statements.  Defendant denies that it has marketed Similac Pro-Advance as

a product equivalent to breastmilk.  Defendant denies any remaining allegations in this paragraph.

10.     The representations of HMO coupled with "Immune Support" gives the impression that HMO helps strengthen the baby's immune system to be more like the breastfed infant's.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response.  To the

extent a response is required, Defendant admits that at various points in time, certain Similac Pro-

Advance labels have stated "Immune Support" and/or "2'-FL-HMO-Human Milk

Oligosacchride," among other statements.  Defendant denies that it has marketed Similac Pro-

Advance as a product equivalent to breastmilk.  Defendant denies any remaining allegations in

this paragraph.

11.     Appropriate studies to substantiate such a claim should include a control group of breastfed infants since the structure/function benefit is as compared to outcomes for breastfed infants.

**ANSWER:**

Defendant states that it conducts clinical studies designed to meet applicable regulatory

requirements and admits that, in some instances, an appropriate clinical trial design can include

a reference group of breastfed infants.  Defendant denies that it has marketed Similac Pro-

Advance as a product equivalent to breastmilk.  Defendant further denies the inference in this

paragraph that it did not conduct appropriate studies.  Defendant denies any remaining allegations

in this paragraph.

12.     The Product's comparisons to breast milk expressly and impliedly claim that it can confer the structure/function benefits of breast milk.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

13.     These claims are false, deceptive and misleading.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

14.     No competent and reliable scientific evidence, which would include studies with control groups of exclusively breastfed infants, compared to infants fed the Product, and show the similarities between breast milk and the Product, exists.

**ANSWER:**

Defendant denies that no competent and reliable scientific evidence exists that shows the similarities between breast milk and certain aspects of Similac Pro-Advance.  Defendant further denies the inference in this paragraph that it did not conduct appropriate studies.  Defendant denies any remaining allegations in this paragraph.

15.     The result of the representations are that (1) purchasers are dissuaded from breastfeeding, even though it is the option for infant nutrition recommended by pediatricians and global health bodies, and (2) purchasers will wrongly believe that the Product is almost equivalent to breast milk, when this is not true.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

16.     The representation that the Product is "NON-GMO" is misleading because it is made from dairy ingredients from cows which have consumed genetically modified feed.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

17.     The Product's qualification - that it is made with ingredients that have not been genetically engineered - is a half-truth, and misleading.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

18.     The Product contains other representations which are misleading.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

19.     Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a product, relative to itself and other comparable products or alternatives.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies any inference that Similac Pro-Advance does not "honestly identify and describe [its] components, attributes, and features."  Defendant lacks knowledge or information sufficient to form a belief concerning what each consumer relies on in

making purchasing decisions and denies those allegations on that basis.  Defendant denies the

remaining allegations in this paragraph.

20.     By labeling the Product in this manner, Defendant gained an advantage against
other companies, and against consumers seeking to purchase a product that was similar to
breastmilk in its effect on immunity and brain and eye development.

**ANSWER:**

Defendant denies the allegations in this paragraph.

21.     The value of the Product that plaintiff purchased was materially less than its value
as represented by defendant.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the

extent a response is required, Defendant denies the allegations in this paragraph.

22.     Defendant sold more of the Product and at higher prices than it would have in the
absence of this misconduct, resulting in additional profits at the expense of consumers.

**ANSWER:**

Defendant denies the allegations in this paragraph.

23.     Had Plaintiff and proposed class members known the truth, they would not have
bought the Product or would have paid less for it.

**ANSWER:**

Defendant denies that labels for Similar Pro-Advance do not contain "the truth."

Defendant denies the remaining allegations in this paragraph.

24.     The Product is sold for a price premium compared to other similar products, no less than approximately $36.99 for 30.8 oz (873 g), a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the

extent a response is required, Defendant denies the allegations in this paragraph.

Jurisdiction and Venue

25.     Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response.

26.     The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response.

27.     Plaintiff Sarah Conner is a citizen of Illinois.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief concerning the truth

of the allegations in this paragraph and denies those allegations on that basis.

28.     Defendant Abbott Laboratories Inc., is a Delaware corporation with a principal place of business in Abbott Park, Lake County, Illinois.

**ANSWER:**

Defendant admits the allegations in this paragraph.

29.     Plaintiff seeks to represent a class which includes citizens of Illinois, North Dakota, Rhode Island, Michigan, Virginia, Kansas, Wyoming, and Delaware.

**ANSWER:**

Defendant admits that Plaintiff purports to seek certification of a class which includes citizens of Illinois, North Dakota, Rhode Island, Michigan, Virginia, Kansas, Wyoming, and Delaware.  Defendant denies that Plaintiff satisfies the standard to certify a class.

30.     The class Plaintiff seeks to represent contains citizens of a state different from the state defendant is a citizen of.

**ANSWER:**

Defendant admits that Plaintiff purports to seek certification of a class which includes citizens of North Dakota, Rhode Island, Michigan, Virginia, Kansas, Wyoming, and Delaware. Defendant denies that Plaintiff satisfies the standard to certify a class.

31.     Defendant transacts business within this District through sale of the Product within this District, at grocery stores, drug stores, big box stores, membership stores, and online, sold directly to residents of this District.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response.  To the extent a response is required, Defendant admits that at certain times Similac Pro-Advance was sold in various locations in Illinois.  Defendant denies any remaining allegations in this paragraph.

32.     Venue is in this District because plaintiff resides in this district and the actions giving rise to the claims occurred within this district.

10

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.

33.     Venue is in the Benton Division Courthouse in this District because a substantial part of the events or omissions giving rise to the claim occurred in Perry County, i.e., Plaintiff's purchase of the Product and her awareness of the issues described here.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.

Parties

34.     Plaintiff Sarah Conner is a citizen of Pinckneyville, Perry County, Illinois.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.

35.     Defendant Abbott Laboratories Inc., is a Delaware corporation with a principal place of business in Abbott Park, Illinois, Lake County.

**ANSWER:**

Defendant admits the allegations in this paragraph.

11

36.     Defendant is one of the largest producers of infant formula products in the world.

**ANSWER:**

Defendant admits that Abbott Laboratories is a large producer of infant formula sold in various countries around the world.

37.     Defendant acknowledges the importance of the WHO Code but does not comply with the Code.

**ANSWER:**

Defendant admits that it acknowledges the importance of the World Health Organization's 1981 International Code of Marketing of Breast-Milk Substitutes (WHO Code). Defendant further states that it complies with all relevant local laws and regulations regarding the marketing of infant formula in every country in which it operates.  Defendant denies any remaining allegations in this paragraph.

38.     As one of the oldest sellers of infant formula, under the Similac brand, consumers expect they can trust what they are told, directly and indirectly.

**ANSWER:**

Defendant denies any inference that consumers are "told, directly or indirectly" something inaccurate about Similac Pro-Advance.  Defendant lacks knowledge or information sufficient to form a belief concerning what each consumer expects and denies those allegations on that basis.  Defendant denies the remaining allegations in this paragraph.

39.     Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, from stores including Walmart, 1410 N Market St, Sparta, IL 62286, between May and July 2021, among other times.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.

40.     Plaintiff bought the Product because she expected it was similar to breastmilk in its effect on immunity and brain and eye development because that is what the representations said and implied.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that it has marketed Similac Pro-Advance as a product equivalent to breastmilk.  Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

41.     Plaintiff relied on the words and images on the Product, on the labeling and/or claims made by Defendant in digital and/or social media.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.

42.     Plaintiff bought the Product at or exceeding the above-referenced price.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.

43.     Plaintiff would not have purchased the Product if she knew the representations were false and misleading or would have paid less for it.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Similac Pro-Advance's representations were false or misleading.  Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

44.     Plaintiff chose between Defendant's Product and similar products represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the statements and claims made by Defendant.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Similac Pro-Advance's labeling made any express or implied misrepresentations.  Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

45.     The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

46.     Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its abilities and/or composition.

**ANSWER:**

Defendant denies that Similac Pro-Advance's representations were inconsistent with its abilities and/or composition.  Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

47.     Plaintiff is unable to rely on the labeling of not only this Product, but other infant formula products, because she is unsure of whether their representations are truthful.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Similac Pro-Advance's representations were untruthful.  Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

48.     Plaintiff may have to purchase infant formula.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.

15

Class Allegations

49.     Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(2) and (b)(3) of the following classes:

>   **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged.
>
>   **Consumer Fraud Multi-State Class:** All persons in the States of North Dakota, Rhode Island, Michigan, Virginia, Kansas, Wyoming, and Delaware, who purchased the Product during the statutes of limitations for each cause of action alleged

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response.  To the extent a response is required, Defendant denies that Plaintiff satisfies the standard to certify a class.  Defendant denies the remaining allegations in this paragraph.

50.     Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Plaintiff satisfies the standard to certify a class.  Defendant denies the remaining allegations in this paragraph.

51.     Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Plaintiff satisfies the standard to certify a class.  Defendant denies the remaining allegations in this paragraph.

52.      Plaintiff is an adequate representative because her interests do not conflict with other members.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Plaintiff satisfies the standard to certify a class.  Defendant denies the remaining allegations in this paragraph.

53.      No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Plaintiff satisfies the standard to certify a class.  Defendant denies the remaining allegations in this paragraph.

54.      Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Plaintiff satisfies the standard to certify a class. Defendant denies the remaining allegations in this paragraph.

55.     Plaintiffs counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

**ANSWER:**

This paragraph states a legal conclusion and therefore does not require a response. To the extent a response is required, Defendant denies that Plaintiff satisfies the standard to certify a class. Defendant denies the remaining allegations in this paragraph.

56.     Plaintiff seeks class-wide injunctive relief because the practices continue.

**ANSWER:**

The Court determined that Plaintiff lacks standing to pursue injunctive relief in this case, *see* Dkt. No. 29, and this paragraph therefore does not require a response. To the extent a response is required, Defendant denies that Plaintiff satisfies the standard to certify a class. Defendant denies the remaining allegations in this paragraph.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act</u>
<u>("ICFA"), 815 ILCS 505/1, et seq.</u>
<u>(Consumer Protection Statute)</u>

57.     Plaintiff incorporates by reference all preceding paragraphs.

18

**ANSWER:**

Defendant repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

58.     Plaintiff and class members desired to purchase a product that was similar to breastmilk in its effect on immunity and brain and eye development.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph and denies those allegations on that basis.

59.     Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

60.     Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

61.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

19

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

62.     Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

63.     Plaintiff relied on the representations that the Product was similar to breastmilk in its effect on immunity and brain and eye development

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

64.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

<u>Violation of State Consumer Fraud Acts</u>
<u>(On Behalf of the Consumer Fraud Multi-State Class)</u>

65.     The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response.  To the extent a response is required, Defendant states the consumer fraud statutes speak for themselves.

66.     Defendant intended that plaintiff and each of the other members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

67.     As a result of defendant's use or employment of artifice, unfair or deceptive acts or business practices, plaintiff, and each of the other members of the Consumer Fraud Multi-State Class, have sustained damages in an amount to be proven at trial.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

68.     In addition, defendant's conduct showed motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§2301, *et seq.*

69.     The Product was manufactured, identified, and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it was similar to breastmilk in its effect on immunity and brain and eye development.

**ANSWER:**

Plaintiff's claim for Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

70.     Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

**ANSWER:**

Plaintiff's claim for Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

71.     This duty is based on Defendant's outsized role in the market for this type of Product, a preeminent brand in infant formula.

**ANSWER:**

Plaintiff's claim for Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

72.     Thus, the Product has a higher level of trust with consumers, more than other brands.

**ANSWER:**

Plaintiff's claim for Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

73.     Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers, and their employees.

**ANSWER:**

Plaintiff's claim for Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

74.    Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

**ANSWER:**

Plaintiff's claim for Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

75.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because it was not fit to pass in the trade as advertised.

**ANSWER:**

Plaintiff's claim for Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

76.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

**ANSWER:**

Plaintiff's claim for Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

Negligent Misrepresentation

77.    Defendant had a duty to truthfully represent the Product, which it breached.

**ANSWER:**

Plaintiff's claim for Negligent Misrepresentation was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

78.    This duty is based on defendant's position, holding itself out as having special knowledge and experience in this area, as a leading seller of infant formula.

**ANSWER:**

Plaintiff's claim for Negligent Misrepresentation was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

79.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a preeminent infant formula company.

**ANSWER:**

Plaintiff's claim for Negligent Misrepresentation was dismissed by the Court on March 29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

80.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

25

**ANSWER:**

Plaintiff's claim for Negligent Misrepresentation was dismissed by the Court on March

29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response. To the extent

a response is required, Defendant denies the allegations in this paragraph.

81.     Plaintiff and class members would not have purchased the Product or paid as much
if the true facts had been known, suffering damages.

**ANSWER:**

Plaintiff's claim for Negligent Misrepresentation was dismissed by the Court on March

29, 2023, *see* Dkt. No. 29, and this paragraph therefore does not require a response. To the extent

a response is required, Defendant denies the allegations in this paragraph.

<u>Fraud</u>

82.     Defendant misrepresented and/or omitted the attributes and qualities of the Product,
that it was similar to breastmilk in its effect on immunity and brain and eye development.

**ANSWER:**

Plaintiff's claim for Fraud was dismissed by the Court on March 29, 2023, *see* Dkt. No.

29, and this paragraph therefore does not require a response. To the extent a response is required,

Defendant denies the allegations in this paragraph.

83.     Moreover, the records Defendant is required to maintain, and/or the information
inconspicuously disclosed to consumers, provide it with actual and/or constructive knowledge of
the falsity of the representations.

26

**ANSWER:**

Plaintiff's claim for Fraud was dismissed by the Court on March 29, 2023, *see* Dkt. No.

29, and this paragraph therefore does not require a response. To the extent a response is required,

Defendant denies the allegations in this paragraph.

84.     Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

**ANSWER:**

Plaintiff's claim for Fraud was dismissed by the Court on March 29, 2023, *see* Dkt. No.

29, and this paragraph therefore does not require a response. To the extent a response is required,

Defendant denies the allegations in this paragraph.

<u>Unjust Enrichment</u>

85.     Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions

and therefore does not require a response. To the extent a response is required, Defendant denies

the allegations in this paragraph.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims.

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorney and experts; and

6. Other and further relief as the Court deems just and proper.

**ANSWER:**

This paragraph consists of characterizations of Plaintiff's claims and legal conclusions and therefore does not require a response. To the extent a response is required, Defendant denies that Plaintiff or any member of the putative class is entitled to any relief whatsoever. Defendant further denies that Plaintiff satisfies the standard to certify a class and denies any remaining allegations in this paragraph. Defendant respectfully requests that (a) Plaintiff takes nothing by reason of the Complaint; (b) judgment be entered dismissing the Complaint on the merits, in its entirety and with prejudice; (c) Defendant recover its costs, expenses, and attorneys' fees incurred herein and any other relief to which it may be entitled; and (d) this Court grant such other relief as it deems just and appropriate.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. In asserting these defenses, Defendant does not assume any burden of proof, persuasion, or

production with respect to any issue where the applicable law places the burden upon Plaintiff or any alleged putative class member.  The below Affirmative Defenses are asserted based on Defendant's present knowledge and belief, without the benefit of discovery.  Defendant reserves the right to add other affirmative defenses which it deems necessary to its defense during or upon the conclusion of discovery.

### FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff and each alleged putative class member lacks standing.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff and each alleged putative class member knew or had available the information that they allege Defendant misrepresented.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff and each alleged putative class member did not rely on the information that they allege Defendant misrepresented.

### FOURTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because the injuries alleged by Plaintiff and each alleged putative class member, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom Defendant was not responsible, through forces in the marketplace over which Defendant has no control, or through acts or omissions on the part of the Plaintiff and/or each alleged putative class member.

### FIFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part because Similac Pro-Advance's labeling complied with all applicable laws and regulations.

### SEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff's and each alleged putative class member's claims are barred by the failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff and each alleged putative class member received or will, in the future, receive all or substantially all of the benefits from the product at issue in this action that they purport to have hoped and intended that they would receive. To that extent, any damages that Plaintiff and each alleged putative class member might be entitled to recover from Defendant must be correspondingly reduced.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for punitive damages is barred because any award of punitive damages would violate Defendant's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions in the Constitution, laws, public policies, and statutes of the State under whose laws Plaintiff and each alleged putative

class member sues, insofar as such damages are awarded by a jury or other fact-finder that: (a) is not provided with a standard of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (b) is not adequately and clearly instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (c) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Defendant; (d) is permitted to award punitive damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and/or (e) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for punitive damages is barred because any award of punitive damages would violate Defendant's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; and similar provisions in the Constitution, laws, public policies, and statutes of the State under whose laws Plaintiff and each alleged putative class member sues, insofar as such damages are (a) imposed and determined without bifurcating the trial and trying all punitive damages issues only if and after the liability of Defendant has been found on the merits, and/or (b) imposed and determined based on anything other than Defendant's conduct in connection with the sale of the products alleged in this litigation, or (c) in any other way subjecting Defendant to impermissible multiple punishments for the same alleged wrong.

31

## TWELFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because at all relevant times Defendant's conduct was in good faith and any representations or statements alleged to have been made by Defendant were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with reasonable belief that all of Defendant's conduct was lawful.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because the damages sought are too speculative and remote.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff and the putative class are not entitled to the equitable relief sought, in whole or in part, because an adequate remedy at law exists.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff and the putative class are not entitled to the claim for damages and/or other monetary recovery they seek because such a claim must be offset and reduced by the value received from the Abbott products that they allegedly purchased.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff and the putative class are not entitled to punitive damages because such damages are not available in this action.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

Dated:  April 12, 2023

Respectfully submitted,

*/s/ Diana M. Watral, P.C.*

Diana M. Watral, P.C. (pro hac vice)
diana.watral@kirkland.com
Ryan J. Moorman (pro hac vice)
ryan.moorman@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200

W. Jason Rankin, #6237927
wjr@heplerbroom.com
HeplerBroom Law Firm
130 N. Main Street
P.O. Box 510
Edwardsville, IL 62025
Telephone: +1 618 656 0184
Facsimile: +1 618 656 1364

*Attorneys for Abbott Laboratories Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

United States District Court for the Southern District of Illinois by using the CM/ECF system on

April 12, 2023.  I further certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the CM/ECF system.



By: */s/ Diana M. Watral, P.C.*